## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

### COMMON PLEAS COURT Et AL

**RECEIVED**

DEC 2 2 2022

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

| | |
|---|---|
| **JAMES SULLIVAN**<br>**3556 WILSON AVE.**<br>**CINCINNATI, OHIO 45229** | CASE NO. **1 : 2 2 C V 7 6 3** |
| **Plaintiffs** | JUDGE MCFARLAND |
| **v.** | MAGISTRATE JUDGE LITKOVITZ |
| **COMMON PLEAS COURT Et AL**<br>**JOSEPH DETERS C/O**<br>**1000 SYCAMORE STREET # 115**<br>**CINCINNATI, OHIO 45202** | |
| **and** | JOSEPH THEODORE DETERS |
| **HAMILTON COUNTY SHERIFF'S OFFICE**<br>**1000 MAIN STREET RM 260**<br>**CINCINNATI, OHIO 45202** | ATTORNEY FOR DEFENDANTS |
| **CHARMAINE Mc GUFFEY**<br>**DEPUTY SHERIFF BOGAN**<br>**SGT. MICHEAL DRYER**<br>**DEPUTY SPEERS**<br>**DEPUTY HNRYAK**<br>**DEPUTY. OBER,** | |
| **and** | |
| **ROBERT RUEHLMAN**<br>**BAILIFF HAYSLIP**<br>**TERRY NESTOR**<br>**JODY LUBBERS**<br>**THOMAS HEEKIN**<br>**HAMILTON COUNTY COMMON PLEAS**<br>**1000 MAIN STREET**<br>**CINCINNATI, OHIO 45202** | **CLAIM FOR DAMAGES**<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |
| **Defendants.** | |

# Contents

COMPLAINT AT LAW, CLAIM FOR DAMAGES ........................................................................................... 1

PARTIES .................................................................................................................................................... 3

JURISDICTION AND VENUE ........................................................................................................................ 4

FACTUAL ALLEGATIONS ............................................................................................................................. 5

CAUSES OF ACTION ................................................................................................................................... 9

    COUNT I ............................................................................................................................................... 9

    COUNT II ............................................................................................................................................ 10

    COUNT III ........................................................................................................................................... 11

    COUNT IV ........................................................................................................................................... 11

    COUNT V ............................................................................................................................................ 12

    COUNT VI ........................................................................................................................................... 14

    COUNT VII .......................................................................................................................................... 15

    COUNT VIII ......................................................................................................................................... 15

    COUNT IX ........................................................................................................................................... 17

    COUNT X ............................................................................................................................................ 18

    COUNT XI ........................................................................................................................................... 18

    COUNT XII .......................................................................................................................................... 19

    COUNT XIII ......................................................................................................................................... 21

    COUNT XIV ......................................................................................................................................... 21

    COUNT XV .......................................................................................................................................... 22

    COUNT XVI ......................................................................................................................................... 23

    PRAYER FOR RELIEF ........................................................................................................................... 25

    PUBLIC NOTARY WITNESS: ................................................................................................................ 26

## COMPLAINT AT LAW, CLAIM FOR DAMAGES

1.     NOW COMES, James Sullivan, in Propria Persona, Sui Juris and is one of the people
of the United States, here in after called Victim and in this court of record in the above-
captioned matter, under oath do hereby state and depose, my statement is made on personal
firsthand knowledge, and I am competent to do so. I have made this statement in the State of
Ohio in the, County of Hamilton.

2.     This is a civil rights action challenging a unconstitutional rule, under Rehabilitation
Americans with Disabilities Act of 2011 (42 U.S.C.) ADA 12132 title II and title 42 USC,
§12203. §12132, and §12133 the First, Fourth, Sixth, Eight and Fourteenth Amendments to the
United States Constitution, Hamilton County Sheriffs and Magistrate Ruehlmans court here and
after called Trespassers, did cause denial of access to services and warrantless arrest and
detention of Victim James Sullivan, as well as the illegal search and seizure of Victims' personal
property. James Sullivan contends that trespassers acting outside their authority resulted in a
trespass on the James Sullivans' rights guaranteed by the clearly established law, to freely pass
through the public hallway of the Hamilton County Courthouse, and to record and gather
information having interest to the public in general and to the Avondale community in particular.
Magistrate Ruehlmans process did abridge and modify my substantive rights. County and
municipal police officers do not enjoy immunity, as no Rule was created by a legitimate
authority or legitimate process. State actors do not enjoy immunity under 42 U.S.C §12202 State
immunity. A State shall not be immune under the eleventh amendment to the Constitution of the
United States from an action in, Federal or State court of competent jurisdiction for a violation of
this chapter

3.     On June 5th 2020 myself and Mr. Gipson went to room 260 at 1000 main Street
Cincinnati Ohio, and Lieutenant Brogan was informed of Mr. Sullivans disability and what
should be done to stop further discrimination denying Mr. Sullivan equal access to court services
activities; and what further requirement where needed under 42 U.S.C. §12203 ADA title II .

4.    On January 15, 2021, On the way to a Court appointment with assistant court administrator Andrew Gillen and I.T. technician Roger in the case of Cincinnati vs. James Sullivan, Victim, along with Mr. Gipson, was in the front entrance for approximately 3 minutes 25 seconds. During previous hearings, the joint session or any presiding judge did not restrict any use from people using their electronic devices in the hallways of the courthouse or coffee shop. At that time, the presiding judge issued no such prohibition as to use of electronic devices On January 15, 2021, Deputy Sheriffs of the Hamilton County Sheriff's Office, including trespasser Speers; Brogan, Dryer, Hrnyak, specifically targeted Mr. Sullivan and Mr. Gipson, who were lawfully using their iPads, cell phones. Sullivan had his in his pocket, in a public hallway of the courthouse. Mr. Gipson took his out for 2 seconds to shut off an alarm. These trespasser forcibly blocking, confronted both Victims Mr. Sullivan and Mr. Gipson and demanded to search Mr. Gipson's phone.  Speers did admit (**and stating  she was lying in wait for Mr. Sullivan and Mr. Gipson. refers to the act of hiding and waiting for an individual with the intent to kill or inflict serious bodily harm to that person.**).  for Sullivan. Deputy Speers did offer copies of said new rule and never produced any of said, copies of any rule, However Deputy Brogan, Dryer, put both, Sullivan and Gipson under seizure of persons, papers, and effects,

5.    On January 15, 2021, the conduct of the trespassers apparently motivated in substantial part by race, as Gipson was African American and by Mr. Sullivans disability claim notice served by Mr. Gipson to Sargent Dryer on 11/19/2020. Other people occurring and in and around the coffee shop and Courthouse hallways were not asked for phone content. Only Mr. Sullivan and Mr. Gipson, were stopped, detained, arrested and transported for a four Judge detainment tour covering eight floors that included Judge Lubbers, Judge Heekin, Judge Nestor, Judge/ Magistrate Ruehlman to usurp all  the local rules of court, Ohio rules of court and then for processing.

6.    Private individuals have the free speech right, protected under the First Amendment to the United States Constitution to document the public performance of government officials and disseminate information of a public private concern, including information pertaining to public trials as well as information regarding the conduct of police officers and governmental officials,

through photography as well as audio and video recording. Neither Federal nor Ohio law prohibits this activity, yet Defendant, Dryer under O.R.C. 2921.05 Retaliation and title 42 USC §12132 Dryer threatened Mr. Sullivan and Mr. Gipson, stating in front of the courthouse on December 3rd 2020 there will be "Ramifications" Dryer did supervise direct and punish Victims as they were entering a public building. trespassers used harassing and threatening conduct, including threat to hinder Victim from exercising their sixth Amendment Right to participate as a witness in a trial or hearing. The First Amendment right to enter a public building is limited only by reasonable time, place and manner restrictions.

7.      By searching and seizing Victims recording devices without a warrant or probable cause and by arresting Victim for use of those devices, these trespassers exceeded their authority of a clearly established federal right guaranteed by the United States Constitution. This civil rights action seeks declaratory and injunctive relief as well as monetary damages to remedy these violations.

## PARTIES

8.      Victim Mr. Sullivan is an American, being one of the people professional. A man, who is an Industrial / Mechanical Engineer, Plumbing consultant, he is a resident of the State of Ohio and Hamilton County.

9.      Mr. Gipson is and African American professional man, who honorably served in the U.S. military and as a technician at the Ford Motor Company and business owner in Hamilton County. Mr. Gipson is a resident of the State of Ohio and Clermont County. Defendant Hamilton County Sheriff's Office is a governmental agency, and it is a "person" as that term is defined in 42 U.S.C. § 1983. Jim Neil and Charmaine McGuffey were the duly elected Sheriffs during this period of time.  Jim Neil was sheriff before the Monday 01/06/2021 and 01/15/2021 incidents. Charmaine McGuffey of the Hamilton County Sheriff's Office signed her oath on 01/11/21 as the County Sheriff, he or she exercises an advisory role in policymaking authority. The Hamilton County Court who should be the lawful policymaking authority on judicial process only (see Ohio Attorney General Patrick DeWine opinion ). The unincorporated

organization called "the judges" is a person organized/ unorganized is a loose affiliation under R.C. 1745.05 (iii) (I) that makes an impromptu Policy, under 1745.05 (iii) (I) all are employees acting under the color of law. A joint session also makes policy but has not completed a lawful complete process prior to 1996. Hamilton County, Ohio, establishing the duties, conduct and discipline of officers and other employees, and establishing policies regarding screening, hiring, training, monitoring and supervision of subordinates. He/she is a "person" within the meaning of 42 U.S.C. § 1983, acting at all relevant times under color of state law. Sheriff JIM NEIL operates in his official capacity. CHARMAINE McGUFFEY a "person" within the meaning of 42 U.S.C. § 1983, acting at all relevant times under color of state law is operates in her official capacity.

10. All of the following are employees of Hamilton County an entity **DUNS #: 06-894-9296** is a person. defined in 42 U.S.C. § 1983, Sheriff's Office. an entity **DUNS #: 154424845** is a "person" as that term is defined in 42 U.S.C. § 1983, and at all relevant times were acting under color of state law. All of the following are sued in both their personal and official capacity. Sargent Dryer, Lieutenant Brogan, Robert Ruehlman and Thomas Heekin. Jody Lubbers. Terry Nestor. and Sargent Dryer, Lieutenant Brogan, Deputy Ober, Deputy Hnryak and Deputy Speers, and Bailiff Hayslip and Christopher Collini, Also known as "OUR COURT": does not have a DUNS #, all work directly or indirectly for Hamilton county common pleas is **DUNS #361736416**

## JURISDICTION AND VENUE

11. This is an AFFIDAVIT brought pursuant to territorial jurisdiction as all events were inside the County of Hamilton State of Ohio, USA. Victims' rights are secured by acceptance of oath by Mr. Sullivan and .Mr. Gipson. under the First, Fourth Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and American with disabilities Act Title II 12. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. §1367 over Victims' state law claims, The Sheriff has jurisdiction pursuant to over Victims' state law claims

4

13. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district. Under Americans with Disabilities Act of 2011 (42 U.S.C.) ADA 12132 title II and other Federal statutes that prohibit discrimination on the basis of disability in the programs and activities of recipients of Federal financial assistance; and other Federal statutes, Public entities that are subject to the ADA as well as other Federal disability discrimination laws must be aware of the requirements of all applicable laws and must comply with these laws and their implementing regulations. Authority: 5 U.S.C. 301; 28 U.S.C. 509, 510; 42 U.S.C. 12134.

## FACTUAL ALLEGATIONS

14. On January 15, 2021, at approximately 10:35 a.m., Victims Sullivan and Gipson entered the Hamilton County Courthouse, and both passed security check with no issues. Entering into the public hallway and Mr. Gipson in front of a public coffee shop shut off his appointment alarm in the public hallway of the Hamilton County Courthouse. At that time, approximately 4 - 5 other people were in the hallway and using their cameras, cell phones, or tablet devices for the purpose of normal business events occurring in the hallway.

15. Deputy spears approached approximately one minute 30 seconds later and told Mr. Gipson she wanted to search his phone without a search warrant. Mr. Gipson within his lawful rights denied access to his phone. O.R.C. Section 2921.45 | Interfering with civil rights. On January 15, 2021, at approximately 10:36 a.m., Mr. Sullivan told Speers of a meeting with Jim Neil. trespasser Speers stated, "I have to follow you" it was unclear to Sullivan if she meant both Sullivan and Gipson. Victim Sullivan while stopped in the hallway, was told to sit right there without any legal justification. The trespassers Brogan and Dryer appeared and put Sullivan and Gipson in detention. without a warrant or legal justification. Mr. Sullivan without legal justification or probable cause, and despite the fact that at all times Mr. Sullivan and Mr. Gipson were fully compliant with the directions of the trespassers.

16.    On the same date and location, trespasser Dryer, stated he had an order from the court. Sullivan asked to see said order, Dryer, Speers and Brogan never produced any order or signed order from the court. Dryer's order was not from an official authority. These trespassers, without warrant or any legal authority or justification seized Sullivan and Gipson by detention.

17.    None of the estimated 4-5 Caucasian individuals in the hallway using their, cell phones or other electronic devices were stopped, detained, searched, and arrested by trespassers nor did any of them have their mobile devices searched or seized. Only Mr. Sullivan and Mr. Gipson were arrested and taken to a sham trial, what trespasser Ruehlman use as an abuse of process and called a trial.

18. As Mr. Sullivan was being transported to the sham trial, Sullivan asked to see a signed order by the clerk, Brogan stated we don't need one it is on the internet in fact was a fraud on the Supreme Court and the Hamilton County Common Pleas Court. Any court Rule change, the correct lawful process is a joint Session and shall be recorded by the Secretary, shall be prepared by the secretary, and thereafter be duly authenticated by the Presiding Judge, (claimed to be Judge Lubbers by Dryer and Brogan) who shall order the minutes and entries thereon recorded in a journal provided and kept for that purpose only by the Clerk of Courts. Copies of the authenticated minutes of the Joint Session shall be distributed to all of the judges of all of the divisions as soon after the meeting of the Joint Session as practicable. The Clerk of Courts shall also keep a separate journal containing the miscellaneous orders of the Court and a separate journal containing memorials. No such authenticated lawful order has been produced by the court or trespassers.

19.    Upon arriving at the sham trial, Victims were held in police detention custody, without court order, warrant or other legal justification. Mr. Sullivan was eventually charged with the offense of contempt of court from a sham noise created by trespasser Dryer, Hayslip and verified a fraud  by Hayslips recording.  Speers acting in concert agreeing Sullivan was observed

"yelling. In addition, trespassers repeatedly ignored Victims complaints that his leg was broken and causing significant pain.

20. Mr. Sullivan was eventually charged with a second sham offense. Trespasser Ober turns on a device for trespasser Ruehlman, Mr. Sullivan had not committed any act contrary to the law of the State of Ohio or Court Rules. Trespasser Ruehlmans false accusation Section 2921.11 |Perjury. supported by Speers false statement that Sullivan was observed "yelling" (Speers and Ruehlman, false statement was confirmed by trespasser Dryers and trespasser Hayslips recording (Emphasis added). Neither trespasser Ruehlman, nor Speers witnessed Mr. Sullivan committing any unlawful act while he was inside or outside of the courtroom. Trespasser Ruehlman never produced as required by Rules of Criminal procedure a written order that recites the facts and certifies that the magistrate saw or heard the conduct constituting contempt.

21. During the sham trial Section 2921.52 At all times relevant hereto, trespasser Sargent Dryer, trespasser Lieutenant Brogan, trespasser Ober, trespasser Hnryak and trespasser Speers, and Bailiff Hayslip and trespasser Magistrate Ruehlman, trespasser Christopher Collini present during all of the trial events described above and either assisted in wrongful arrests, searches and seizures of Victims and their iPads as described above or were in a position to intercede and failed to do so.

22. At all times relevant, Trespassers committed the wrongful acts described above in accordance with official custom, policy or practice of Hamilton County Court as implemented by Trespassers Magistrate Ruehlman acting as Judge; tribunal, Investigator, Prosecutor, Witness And clerk, also trespasser Ruehlman acts as the Common Pleas Joint session official of Hamilton County, enforced by trespasser Brogan and trespasser Dryer exceeding their authority all acting as the highest official of Hamilton County before any notice was served on the Clerk or presiding Judge or Court administrator with respect to such customs policies and practices. Trespasser Magistrate Ruehlman | Obstructing justice. Effectively blocked Mr. Sullivans meeting with court officials.

23. At all times relevant hereto, trespasser Neil, and McGuffey acting in their capacity as Hamilton County Sheriffs was or should have been aware of the unlawful conduct of trespassers and failed or refused to properly investigate the other trespassers misconduct as described above and, knowing of their misconduct, otherwise failed or refused to take any disciplinary action

against them. Neil, and McGuffey thus, expressly or tacitly approved the unlawful conduct of trespassers as described above. On February 4, 2021, some (21) days after Mr. Sullivan was released by the trespassers, Mr. Sullivan did not receive his property and evidence unlawfully taken and kept by trespassers Deputy Hnryak and trespasser Bailiff Hayslip and trespasser Magistrate Ruehlman and Christopher Collini, notwithstanding that fact that Mr. Sullivan had not committed any act contrary to the law or any court order. trespasser Magistrate Ruehlman with trespasser Speers engaged in **O.R.C.** 2923.03 | Complicity. (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(1) **Solicit or procure another to commit the offense.**

(2) Aid or abet another in committing the offense; This 14th amendment trespass was confirmed by the trespasser Sargent Dryer and trespasser Bailiff Hayslip tape. This is where Bailiff Hayslip states we will sign a warrant, then trespasser Magistrate Ruehlman directs Deputy Hnryak to stop by (Ruehlmans private residence) house he will sign a warrant at any time, this process is highly Inappropriate. Conduct outside of the scope of his employment for trespasser Magistrate Ruehlman.

(F) Whoever violates this section is guilty of complicity in the commission of an offense and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense.

24. On or about February 25 2021, Mr. Sullivan appeared in Hamilton County Common pleas Court for return of property and evidence used in another matter and evidence of the sham trial trespasser Ruehlman compounded his crime under O.R.C. 2921.32 Obstructing justice. Ruehlman refused to return evidence needed in an upcoming case of Mr. Sullivans and Mr. Gipson's property.

25. On or about June 5th the appeals court used the defect of no clerk and trespasser Magistrate Ruehlman Obstructing justice, for denial and return of Mr. Sullivans property. And access to the Court.

26. Mr. Sullivan was not served the final decision by the court as the sham court did not have a lawful clerk until 12/ 29/ 21 Mr. Sullivan commenced the prolonged process of return of in an unlawful court not of record.

27.    Mr. Sullivan suffered significant physical damages Heart attack, exposure and contracted CO-VID 19  emotional trauma, professional humiliation and financial loss, and will continue to suffer such loss and injury in the future, as a direct result of the conduct of trespassers

28.    Victim Sullivan was charged with a sham recording in the hallway after trespassers Christopher Collini, trespasser Hayslip, trespasser Magistrate Ruehlman opened Sullivans phone without a warrant. All knew Mr. Sullivan committed no act contrary to the law of the State of Ohio and had at all times complied with all reasonable directives of trespassers.

The conduct of trespassers as described above was not exercised in good faith it was intentional and malicious and occurred in willful and wanton disregard of the federal constitutional rights and state law rights of the  Victims entitling the Victim to redress of each Defendant in his / her individual capacity.

## CAUSES OF ACTION

### COUNT I

## 42 U.S.C. § 1983: Violation of Free Speech Rights – First and Fourteenth Amendments and §12132 ADA

29.    Victims re-allege each of the factual allegations set forth above.

30.    Mr. Sullivans 1st amendment right to free speech in public by eliminating my ability to record, Public officials in the performance of their duties also violates my title 42 U.S.C. §12132 ADA because Hamilton County Sheriffs did threaten or used profanity and  interfere with (Mr. Sullivan) while Mr. Sullivan attempting to exercise the enjoyment of, his rights granted or protected.

31.    Observing and recording governmental officials and public events, without interfering with those duties, as Victim Mr. Sullivan did here, is a form of free speech through which private citizens may gather and disseminate information of public concern, and that speech is protected by the First and Fourteenth Amendment to the United States Constitution.

32.    By stopping and detaining Victim, seizing and searching his cell phone and arresting them without a warrant, probable cause or legal cause of any kind, in the manner described above,

trespassers exceeded their authority and trespassed on Victims' rights to be free of prior restraint of expression and their rights as otherwise protected by the First and Fourteenth Amendments to the United States Constitution. These rights were clearly established at the time these deprivations occurred.

33. As a direct and proximate result of trespasser' conduct as described above Victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19, emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

COUNT II

**42 U.S.C. § 1983: Fourth Amendment provides protection against unreasonable searches and seizures Amendments**

34. Victim re-alleges each of the factual allegations set forth above.

35. The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated" and that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." A search after one minute 30 seconds after Mr. Sullivan and Mr. Gipson just completed a search security check is extremely unreasonable.

36. The conduct of trespassers in searching and seizing their persons and personal effects of Victim in the absence of a warrant, probable cause or any legal justification, in the manner described above, violates each of the Victims rights to be free of unlawful searches and seizure as protected by the Fourth and Fourteenth Amendments to the United States Constitution. These rights were clearly established at the time of the deprivations alleged.

**37.** As a direct and proximate result of trespasser' conduct as described above, Victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19, emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

## COUNT III

## 42 U.S.C. § 1985: Conspiracy to interfere with civil rights: False Arrest/Unlawful Detention/False Imprisonment – Fourth Amendment

38. Victim re-alleges each of the factual allegations set forth above.

39. At all relevant times a warrantless arrest and continued detention of a person unsupported by probable cause or some other applicable exception to the warrant requirement, violates rights protected by the Fourth and Sixth Amendments and Fourteenth Amendments.

40. trespassers conduct as described above exceeded their authority by trespass on Victims rights to be free of unlawful detention and imprisonment as protected by the Fourth, Fifth and sixth Fourteenth Amendments to the United States Constitution. never produced as required by Rule 19 of Criminal procedure a written order that recites the facts and certifies that the magistrate/Judge saw or heard the conduct constituting contempt. trespasser Magistrate/Judge Ruehlman never confirmed by oath or affirmation any violation was ever done by Sullivan the is confirmed by the trespasser Sargent Dryer trespasser Bailiff Hayslip recording, did confirm trespasser Ober and trespasser Hnryak not letting Sullivan pass through the vestibule.

41. As a direct and proximate result of trespassers' conduct as described above, Victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

## COUNT IV

## Title 42 U.S.C. §12203 retaliation and coercion

42. Victim re-alleges each of the factual allegations set forth above.

43. Trespassers conduct, as It is a well-established rule that a consent search is unreasonable under the §12203 retaliation and coercion and the Fourth Amendment if the consent was induced by the deceit, trickery or misrepresentation of the agent. and said exceeding their authority. trespasser Sargent Dryer statement " I GOT AN ORDER" changed to "THE JUDGE IS GOING

TO WRITE AN ORDER" This was substantial, The group meeting changed to trespasser Deputy Hnryak stating to trespasser Magistrate Ruehlman "I DON'T THINK AN ORDER WILL GET IT" The court and all co-conspirators trespassed on Mr. Sullivans and Mr. Gipson's Fourth, Fifth and Fourteenth Amendments to the United States Constitution. However trespass was also done by Dale Mikes, and Magistrate Ruehlman staff without a warrant and Sargent Dryer. The chain of custody of devices was never maintained by any of the trespassers.

44.     As a direct and proximate result of Defendants' conduct as described above, Victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.


COUNT V

**42 U.S.C. § 1983: Malicious Prosecution – Fourth and Fourteenth Amendment**

45. Victim re-alleges each of the factual allegations set forth above.

46. The conduct of Defendants, as described above, in charging Victims with criminal offenses and pursuing criminal prosecutions, knowing there was no factual or legal basis for the charges, The term is stated as abuse of process Victims' rights to be free of malicious prosecution as protected by the, Fourth, Fifth Sixth and Fourteenth Amendments to the United States Constitution. Magistrate Ruehlman became a loose cannon and at some points imposed his own rules / law. Ruehlman used Unknown unpublished LAW Magistrate Ruehlman Referenced an unknown entity call "THE JUDGES" O.R.C. 1745.05, An unincorporated entity, confirmed by Judge Heekin, The entity has a presiding Judge, however it is not recognized by the State of Ohio or the Hamilton clerk of court. Also called "OUR COURT". A Magistrate/Judge is not a tribunal and has no legislative power under the Ohio Revised Code. Deputy Speers confirms her violation of Due process, Ohio rules of criminal procedure Rule 4 (D) Duty of law enforcement officer. A law enforcement officer who issues a citation shall complete and sign the citation form, serve

a copy of the completed form upon the defendant and, without unnecessary delay, swear to and file the original with the court required by O.R.C.2935.03 filing affidavit arrest without a warrant. This is all going on while Magistrate Ruehlman is acting as /Prosecutor/ Judge; tribunal, Investigator, Witness And clerk, Magistrate Ruehlman knows he has not obtained jurisdiction and the court is not a. court of record. Magistrate Ruehlman was not entitled to judicial immunity, This is a violation of the doctrine of unclean hands also known by the separation of powers act. .Magistrate Ruehlman is trying to execute a ministerial act, Generally, ministerial acts are unshielded by qualified immunity, which protects only actions taken pursuant to discretionary functions. Magistrate Ruehlman is a one stop shop of Malicious Prosecution. Ruehlmans display of Ignorantia legis non excusat and while it was judicially efficient was extremely unconstitutional. Ignorantia legis non excusat is a common law maximum.

47. Magistrate Ruehlman violates Ohio Rules of criminal procedure RULE 41. Well established case law Search and Seizure. and does not know who owned said phone and Magistrate Ruehlman has no sworn statement and there is no prosecuting attorney as Pam Sears. Christopher Sawyer filed their appearance on the record August 5th, 2021. The Hamilton County Court of Common pleas did not have any lawful clerk nor did "OUR COURT" have a Clerk. Pavan V. Parikhs' did not sign his oath as county clerk until 11 months after the January 15, 2021, incident, on December 29th, 2021. (Emphasis added). Aftab Pureal was not the Clerk, he had moved on to be the Mayor of Cincinnati and the common pleas clerk never filed a bond per R.C. § 2303.02 | Bond of Clerk. All "public servants," officials, Congressmen, politicians, judges, attorneys, law enforcement officers, States and their various agencies, etc., are the express agents of these foreign principals - see Foreign Agents Registration Act of 1938; 22 USC 286 et seq, 263A, 185G, 267J, 611(C) (ii) & (iii); Treasury Delegation Order #91, Magistrate Ruehlman continues without jurisdiction and without standing as no O.R.C blanket bond was in place on January 15th, 2021.

48. As a direct and proximate result of Defendants' conduct as described above,

13

Victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; emotional trauma, distress, humiliation, and the loss of professional reputation and employment, to the damages of each in an amount to be determined at trial.

## COUNT VI

### 42 U.S.C. § 1985; 18 U.S.C § 241 Conspiracy to interfere with civil rights

49.  Victim re-alleges each of the factual allegations set forth above.

50.  Magistrate Ruehlmans ex-party meeting is identified by Sargent Dryer and Bailiff Hayslips recording. Sargent Dryer returned from his Deputy Brogan Ruehlman Deputy Speers, Bailiff Hayslip and Christopher Collini meeting (approximately 14 minutes) with new knowledge and demanding seizure of Mr. Gipson's I-pad, previous to the Ruehlman meeting only Deputy Speers was the only person who had seen Mr. Gipson's I-Pad. Sullivan handed his cell phone for a pink ticket to Christopher Collini and never gave the court or Christopher Collini permission to search the phone. Bailiff Hayslip who at the time January 15, 2021. under a direct order from Sargent Dryer. Bailiff Hayslip seized Mr. Gipsons cell phone and I-Pad. Bailiff Hayslip did not post a Bailiffs bond and could not Lawfully execute any duties as required by law. Bailiff Hayslip stated "I AM IN CHARGE" she kept the SHAM going as she executed Deprivation of rights under color of law, Mr. Gipson while under detention complied under protest.

42 U.S.C. § 1985 with no warrant. Sargent Dryers' December 3rd threat was almost complete. Sargent Dryer and Magistrate Ruehlman, Bailiff Hayslip, kept Mr. Gipsons I-pad and I phone without any legal authority or proper jurisdiction. The Sham court destroyed evidence along with Mr. Gipsons business data he was in the process of taking to a meeting with the courts I.T technician Roger. and Andy Gillen. Sargent Dryer. Bailiff Hayslip. Magistrate Ruehlman, never returned the property and there is a court order to return said property has not been returned as of present date. . The August /10 /2020 The recorded statement of Sargent Dryer gets unlawful verbal orders (Unwritten to keep his thumb on it from a Judge) As a direct and proximate result of Defendants' conduct as described above, the Victim has suffered physical damages a Heart

attack, exposure and contracted CO-VID 19; against his will. emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

## COUNT VII

### ADA Act of 2011 (42 U.S.C.) § 12203 Retaliation or coercion.

51. Victim re-alleges each of the factual allegations set forth above.

52. Sargent Dryer did threaten Mr. Sullivan and Mr. Gipson did record the event on December 3rd 2020 trying to use services in the court. This is a direct violation under ADA 42 U.S.C. §12203 (a).Retaliation No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. Also it is a violation, under 28 CFR Part § 35.134 Retaliation or coercion. (a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part. or O.R.C. Section 2905.12 Coercion. (A) No person, with purpose to coerce another into taking or refraining from action concerning which the other person has a legal freedom of choice, shall do any of the following: Magistrate Ruehlman, working with Sargent Dryer Magistrate Ruehlman acting as (legislative judicial and executive) made his threats and put both Sullivan and Gipson in Jail for 30 and 33 days for exercising a right to use court services.

53. As a direct and proximate result of Defendants' conduct as described above, Victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

## COUNT VIII

### State Law Claim: Negligent and Intentional Infliction of Emotional Distress

54. Victim re-alleges each of the factual allegations set forth above.

55. Sheriff Neil and McGuffey Hamilton County had a duty to investigate the misconduct of the other Defendants. These trespassers failed to investigate the unconstitutional acts and conduct of its deputies, as described above, regarding the harassment, detention, arrest, imprisonment and malicious prosecution of Victim. Neil and McGuffey further failed to take any remedial or disciplinary actions against the other Defendants, knowing of their misconduct. Thus, Neil and McGuffey Hamilton County expressly or tacitly approved, endorsed and ratified the constitutional deprivations as described above in violation of Victims' rights as protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. The conduct described in this Complaint was undertaken by trespassers without probable cause under color of law and outside the scope of their employment such that their employer. The "Judges" claimed by Magistrate Ruehleman a O.R.C. 1745.05 | Definitions., Unincorporated entity, confirmed by Judge Heekin is a sub group that operates outside the local lawful rules of court. Magistrate Ruehleman and Hamilton County Sheriff's Office are liable for their actions.

56. Magistrate Ruehlman violates Ohio Rules of criminal procedure RULE 41. Search and Seizure. and does not know who owned said phone and Magistrate Ruehlman has no sworn statement and there is no prosecuting attorney as Pam Sears. Christopher Sawyer filed their appearance on the record August 5th, 2021.

57. Magistrate Ruehlman continues without jurisdiction., we don't know his name, Magistrate Ruehlmans own statement is prima facia evidence, Deputy Hrnyak and Deputy Dryer have a man in custody and none of the basic rules of Ohio criminal procedure have been completed. Knowing this fact. Magistrate/Judge Ruehlman continues with his sham legal process.

59. Magistrate Ruehlmans process is unlike any lawful court and is not the model of judicial process. Magistrate Ruehlmans impromptu process had not established the jurisdiction of the court. Magistrate Ruehlman **Practicing law from the bench**, using a Banttary[1] process Magistrate Ruehlman displays his Ignorantia juris non excusat. Magistrate Ruehlman relies on **unsworn hearsay, from all Deputies acting like a common street gang**, including but not limited to

Deputy Speers acting as a witness / prosecutor with Lieutenant Brogan **in the witnesses chair** adding extra comments. This process is a direct violation of **R.C. 4705.01** states No sheriff shall practice as an attorney at law in any court of this state, and no clerk of the supreme court or court of common pleas, or the deputy of either, shall practice in the particular court of which that person is clerk or deputy. this goes directly to the jurisdiction and lack of standing to be before the court, and **is a felony pursuant to 18 USC § 219, 241,951**. The conflict of law, interest and allegiance is obvious. No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.

60. As a direct and proximate result of Defendants' conduct as described above, Plaintiff has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities.

## COUNT IX
### **State Law Claim: Malicious Prosecution**

61. Victim re-alleges each of the factual allegations set forth above.

62. The conduct of Defendants, as described above, in charging Victim with criminal offenses and, knowing there was no factual or legal basis for the charges, all of which were ultimately found to be a fraud on the Court, as proven by a temporary Clerk Ms. Lisa Brackman's letter and email. (no lawful Rule was in effect)(Emphasis added.). Victims' right to be free of malicious prosecution as protected by the common law of the State of Ohio. As no Rule or statue existed on any book on January, 15, 2021.

63. As a direct and proximate result of Defendants' conduct as described above, victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

COUNT X

## State Law Claim: Negligent and Intentional Infliction of Emotional Distress

64. Victim re-alleges each of the factual allegations set forth above.

65. The misconduct described in this Complaint was taken with malice, willfulness, and reckless indifference to the rights of Victim. Sargent Dryer and lieutenant Brogan were told many times of Mr. Sullivans medical condition.

66. The conduct described in this Complaint was undertaken by trespassers without probable cause under color of law and outside the scope of their employment such that their employer. The "Judges" claimed by Magistrate Ruehleman, an O.R.C. 1745.05 Definitions., Unincorporated entity, confirmed by Judge Heekin is a subgroup that operates outside the local lawful rules of court. Magistrate Ruehleman and Hamilton County Sheriff's Office are liable for their actions.

67. O.R.C. 1745.05 (A) "Authorized communications equipment" means any communications equipment that provides a transmission, including, but not limited to, by telephone, telecopy, or any electronic means, from which it can be determined that the transmission was authorized by, and accurately reflects the intention of, the member or manager involved and, with respect to meetings, allows all persons participating in the meeting to contemporaneously communicate with each other. (B)(1) "Entity" means any of the following: (M) "Unincorporated nonprofit association" means an unincorporated organization, consisting of two or more members joined by mutual consent pursuant to an agreement, written, oral, or inferred from conduct, for one or more common, nonprofit purposes.

68. As a direct and proximate result of Defendants' conduct as described above, Victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

### COUNT XI

## State Law Claim: Coercion

69. Victim re-alleges each of the factual allegations set forth above. O.R.C. Section 2905.12 | Coercion. (a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual

18

made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part. or O.R.C. Section 2905.12 |Coercion. (A) No person, with purpose to coerce another into taking or refraining from action concerning which the other person has a legal freedom of choice, shall do any of the following:

(1) Threaten to commit any offense;

(2) Utter or threaten any calumny against any person.

(3) Expose or threaten to expose any matter tending to subject any person to hatred, contempt, or ridicule, to damage any person's personal or business repute, or to impair any person's credit;

(4) Institute or threaten criminal proceedings against any person;

(5) Take, withhold, or threaten to take or withhold official action, or cause or threaten to cause official action to be taken or withheld. At all relevant times a Coercion continued detention of a person unsupported by probable cause or some other applicable exception to the warrant requirement, violates rights protected by the common law of Ohio. Defendants' conduct as described above violated victims' rights to be free of unlawful arrest, detention and imprisonment as protected by the common law of Ohio.

70.     The conduct described in this Complaint was undertaken by the trespassers without probable cause under color of law and outside the scope of their employment such that their employer, the Hamilton County, is liable for their actions.

71.  As a direct and proximate result of Defendants' conduct as described above, the victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; emotional

72.  trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

COUNT XII

**State Law Claim 3798.04 | Prohibited disclosures of protected health information.:**

**Invasion of Privacy**

73.  Victim re-alleges each of the factual allegations set forth above.

74.   Each Victim had an expectation of privacy in the contents of his cell phone or electronic devices.

75.   Magistrate Ruehlman in open court did start to discuss medical problems of both Mr. Sullivan and Mr. Gipson. The medical problems were discussed with lieutenant Brogan on June 5th 2020 and agreement was made that Mr. Sullivan would provide a Doctor's note. This requirement was met. Mr. Sullivan or Mr. Gipson never agreed to medical problems were to be made public in open court. Magistrate Ruehlman and Deputy Speers spoke openly (after judge's chambers ex-parte meeting ) about Mr. Sullivans metal brace as lieutenant Brogan chimed in to add derogatory remarks. This invasion of privacy is documented on the transcript and on Sergeant Dryers and Bailiffs Hayslip recording. This is an extreme violation of O.R.C. 3798.04 | Prohibited disclosures of protected health information. Claim premised on the invasion into another's seclusion, at a minimum, there must be allegations demonstrating speaking in open court far exceeds the minimum allegations when done without privilege or agreement is an intrusion, physical or otherwise, into another's solitude or private affairs.

76.   Their intrusion was and would be highly offensive to a reasonable person.

77.   The trespassers Brogan and Dryer acted with intent to injure Mr. Sullivan, with ill will or spite toward his, with evil or fraudulent motives, or knowledge as both knew of Sullivan's medical condition and rights that they were violating in a sham 1745.05 operation. Victims' rights to privacy in contents of his private property.

78.   The conduct described in this Complaint was undertaken by these deputy sheriffs without probable cause **under color of law** and **outside the scope** of their employment such that their employer, the Hamilton County Sheriff's Offices and common pleas court is liable for their actions.

79.   As a direct and proximate result of Defendants' conduct as described above; each victim has suffered damages including emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

COUNT XIII

**State Law Claim: Assault and Battery**

83.    Victim re-alleges each of the factual allegations set forth above.

84.    Defendants' conduct as described above constituted the tort of assault, by intentionally and knowingly putting each Victim in apprehension of an imminent battery.

85.    Trespassers conduct as described above constituted the tort of battery, by arresting, frisking and handcuffing to a bed and physical damages a Heart attack, exposure and contracted CO-VID 19 with a total of 21 days of torture with loss of liberty and medical care of Victim and by the unwanted and unlawful touching of each victim without consent.

86.    The authority used by the deputy sheriffs to stop, detain, subdue and handcuff each Victim occurred without privilege, executed by fraud and thus constitutes an assault and/or battery against victim by CO-VID 19.

87.    Trespasser Hamilton County is vicariously liable for the acts of the individual trespassers in committing assault and battery upon Mr. Sullivan.

88.    As a direct and proximate result of Defendants' conduct as described above, each Victim has suffered physical damages a Heart attack, exposure and contracted CO-VID 19; including emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, to the damages of each in an amount to be determined at trial.

COUNT XIV

**State Law Claim   2921.05: Retaliation.**

89.    Victim re-alleges each of the factual allegations set forth above.

90.    The conduct of the individual trespassers as described above occurred was willful and occurred in willful, wanton and reckless O.R.C. 2921.05 Retaliation disregard of each of the Victims rights as protected by the United States Constitution and by the common law of Ohio. This fact was confirmed by Deputy Dale Mikes of the Hamilton County Sheriff's Department software

version 7,42.0.50 Cellebrite physical analyzer when. Magistrate Ruehlman completed an illegal search done on 02/18//2021 of Mr. Gipson's I-Phone this confirmed the Retaliation threat, Mr. Gipson recorded Sargent Dryers in front of the Courthouse at 1000 main street Cincinnati. On December 3rd, 2020. In Deputy Dale Mikes report. Magistrate Ruehlman court staff and Sheriff searched Mr. Sullivans phone.

91.    As a direct and proximate result of Defendants' conduct as described above, each Victim has suffered damages including emotional trauma, distress, humiliation, and the loss of professional reputation and employment opportunities, Trespassers conduct as described above constituted the tort of Retaliation, by arresting, frisking and handcuffing and physical damages a Heart attack, exposure and contracted CO-VID 19; with a total of 21 days of torture with loss of liberty and medical care of Victim and by the unwanted and unlawful touching of each victim without consent, to the damages of each in an amount to be determined at trial.

## COUNT XV

### State Law Claim   Section 2905.02 Abduction

92.    Victim re-alleges each of the factual allegations set forth above.

93.    Sargent Dryers 1st attempt abduction was denied after the third Judge.  Approximately **10 minutes** into detention. Sullivan asked for a signed conformation of said order. Sargent Dryers document O.R.C. 1303.42 Signature by representative - UCC 3-402. Did not have any authorization or Signature. Sullivan asked again approximately **14 minutes** into the Sullivan and Gipson detention, Sullivan asked for clerk verification. lieutenant Brogan stated the "clerk" Aftab Pureval has nothing to do with it. At approximately **24 minutes** and the 3rd Judge denial Sargent Dryer changes his story. At approximately **26 minutes** Mr. Sullivan stated an unfair ex-party meeting was in progress.  Sargent Dryer stated he would escort Mr. Sullivan into the Judge stating, he will write an order "this is a substantial change from on the first floor Sargent Dryer stated he had an order. Sargent Dryer then had an outburst of yelling. At approximately **29**

**minutes** an unbonded Bailiff Hayslip had an outburst of yelling. At approximately **29.30 minutes** Dryer takes control of the court and orders Bailiff Hayslip to get Mr. Gipson's I-PAD. Only Mr. Gipson and Speers knew it was present in the court hallway, However after the lieutenant Brogan; Bailiff Hayslip, Dryer, Speers, Ruehlman, Collini, had an ex- party meeting it changed.

Dryer states at approximately **30.50 minutes** he takes complete control of the court and stated the Judge is going to produce an order this is a complete change from he had an order.

At approximately **31.25 minutes** Christopher Collini said he got what he needed and knows it is a contempt before any proceeding start. observing a sham trial. This fact of Magistrate Ruehlman and Deputy Speers was recorded in its entirety by Sargent Dryer and Bailiff Hayslip.

94.    Magistrate Ruehlman and Deputy Speers without privilege did so, knowingly do the following: Both by force and threat, removed Mr. Sullivan from the place where Mr. Sullivan was peaceably observing a sham trial. This fact of Magistrate Ruehlman and Deputy Speers was recorded in its entirety by Sargent Dryer and Bailiff Hayslip. After the trespass of Mr. Sullivans liberty by of another Magistrate Ruehlman and Deputy Speers, Deputy Ober did under circumstances that did create a risk of physical harm to the victim, did place Mr. Sullivan in fear of contracting; CO-VID 19.  Mr. Sullivan did in fact. contract CO-VID 19.

95.    Trespassers conduct without privilege as described above constituted the tort of Abduction, by arresting, frisking and handcuffing and knowing CO- VID was in the Justice center did cause Mr. Sullivan to suffer a Heart attack, exposure and contracted CO-VID 19; with a total of 21 days of torture with loss of liberty and medical care of Victim and by the unwanted and unlawful touching of each victim without consent, to the damages of each in an amount to be determined at trial.

COUNT XVI

**<u>(Individual and Official Capacity)</u>**

More than any other branch of government, the judiciary is built on a foundation of public faith. judges do not command armies or police forces, they do not have the power of the purse to fund

23

initiatives and they do not pass legislation. However, the Hamilton County Court of common pleas does have its own process to by-pass all Oaths and constitutions with its own private army "called court services SHERIFFS' that consistently operates on a verbal order system inconsistent with the separation of POWERS and Magistrate Ruehlman makes his own legislation. From the O.R.C. 1745.05 entity called "The JUDGES" This fact was admitted by Sargent Dryer, Magistrate Ruehlman, clerk Hoffman and Judge Heekin. Judicial misconduct comes in many forms and gang like relationships was demonstrated by Deputy Hrnayk. Bailiff Hayslip. and Ruehlman. Deputies can fabricate any rule. Bailiff Hayslip then sets up the Sham process without any paperwork and Ruehlman, rubber stamps it all. The parties were so comfortable all engaging in ex-parte communication all knew of Ruehlmans home address. This process is a conflict of interest; and failure to execute any judicial duties lawfully is a violation of employees sworn oath.

The Fact is, R.C. 311.07(A) states, in pertinent part, "[u]nder the direction and control of the board of county commissioners, [a county] sheriff shall have charge of the court house." (Emphasis added.) When used in a context like R.C. 311.07(A), "charge" means having "responsibility or duty ... care, custody, or supervision[.]" Webster's New World College Dictionary 251 (5th ed. 2014). This means that a courthouse is under the care or supervision of a county sheriff. R.C. 311.07(A), therefore, confers a duty upon a county sheriff to provide security to a courthouse. See 1984 Opinion, Attorney General MIKE DEWINE. No. 84-008, at 2-22 ("[t]he duty ... to maintain order within [a courthouse] lies in the first instance with the county commissioners and the county sheriff")."

The Court is asked to consider the known danger Magistrate Ruehlman; Hrnayk. Hayslip. and Sargent Dryer, Lieutenant Brogan put Mr. Sullivans in a CO-VID 19 environment while Mr. Sullivans has, medical deficiency conditions. All trespassers did under O.R.C.2921.32 cause an obstructing justice while using a sham trial process under Section 2921.52. The loss of enjoyment of life damages, preventative damages, compensatory damages, life financial damages, future medical damages and emotional damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Sullivan respectfully asks the Court to consider all Judges who act outside their authority as the CONTROL OF THE COURT is under the authority of Sheriff Charmaine McGuffey and the county supervisors not a ROGUE GROUP called the JUDGES and not the judges joint session see letter from Mike DeWine 2018 opinion as attorney general. "Duty of County Sheriff and Board of County Commissioners to Secure a Courthouse. "WHEREFORE, Plaintiff Mr. Sullivan respectfully prays that this court apply special and general relief:

a. Issue an order that the custom, policy and/or practice of the Defendants described herein this Complaint are violations of Plaintiff's civil rights protected by the First, Fourth, Fifth and Eight, Fourteenth Amendments and Enter a permanent injunction to prevent future violations of the law by defendant.

b. Issue order Stopping the arbitrary and capricious enforcement of local Rules.

c. Issue an order to be able to engage in the court services as every other American does in the other districts In the United States and territories. without retaliation from deputy Sheriffs Bailiffs, Judges. Because of the extreme circumstances Plaintiff requests that the fee schedule served on the Defendants be considered.

d. Plaintiff requests that the court consider as guidelines under title 18 U.S. Code § 3571 (c) be considered as all Defendants were in a public trustee position and did not follow any well-established rules, that almost resulted in the DEATH of Mr. Gipson and Mr. Sullivan. And use the maximum of $500,000.00 for each offence for each person.

e. Mr. Sullivan respectfully asks the court to consider Rule 60. Relief from a Judgment or Order, 18 U.S. Code § 3571 (c) Ruelhman under Fines for Organizations.
   Mr. Sullivan respectfully requests the court to consider Rule 60. b. GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.
   Mr. Sullivan respectfully asks the court to consider **Rule 60. b. (2)** Because Ruehlman; held exculpatory evidence after an appeals order was in effect and failed to comply with order. This blocked newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b) ;

25

Issue an order **under Rule 60. b. (3) fraud** (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; Issue an order **under Rule 60. b. (4)** Ruehlman; judgments is void. The fabricated order was not executed per local Rules of court or in harmony with Ohio Constitution or the U.S. Constitution.

Issue an order under Rule 60. b. (6) for any other reason that justifies relief.

f. Issue an order that will enable Mr. Sullivan to engage in the court services as every other American does in the other districts In the United States and Hamilton County Courthouse. For integrated use entry, exit, bathroom, parking, Award Plaintiff's cost and attorney fees pursuant to 42 U.S.C. §1988; and return sim card and walking cane.

Respectfully submitted:

James Edward Sullivan C/O
3556 Wilson Ave.
Cincinnati, Ohio [ 45202]
88automate@gmail.com

**Ohio**

**County Hamilton**

By: _James G. Sullivan_

PUBLIC NOTARY WITNESS:

Today, on the 15th of December, in the year 2022, I was visited by a man properly identified or known to me to be James Edward Sullivan and he did establish this record before me and sign it for the purposes stipulated herein, and I do accordingly add my signature and seal:

My commission expires on: 3/14/2024

Ohio Public Notary _____ Seal

JAMES J. TWOREK
Notary Public, State of Ohio
My Commission Expires 03-14-2024