UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES SULLIVAN,<br>    Plaintiff<br><br>vs.<br><br>HAMILTON COUNTY COMMON<br>PLEAS COURT, *et al.*,<br>    Defendants. | Case No. 1:22-cv-763<br>McFarland, J.<br>Litkovitz, M.J.<br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

Pro se plaintiff James Sullivan brings this action against numerous Hamilton County judges and officials alleging state and federal claims related to a January 15, 2021 incident at the Hamilton County Courthouse. (*See* Doc. 3). This matter is before the Court on plaintiff's Request for Preliminary Injunctions. (Doc. 5). Defendants Ruehlman, Heekin, Luebbers, and Nestor (Judicial defendants) filed a response (Doc. 17), which was incorporated in full by defendants Sheriff Charmaine McGuffey, Deputy Sheriff Brogan, Deputy Sheriff Dryer, Deputy Sheriff Speers, Deputy Sheriff Hnryak, Deputy Sheriff Ober, and Laura Hayslip (Hamilton County defendants) (Doc. 19).

Plaintiff's motion for injunctive relief is difficult to follow, but his most direct statements regarding injunctive relief are the following:

- "The department of justice is authorized to initiate federal district court proceedings to enjoin violations of the [Americans with Disabilities Act (ADA)]. . . ." (Doc. 5, PAGEID 113 at ¶ 4).

- "[P]laintiff requests that this Court . . . [a]ward plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood blocking and causing injury during the pendency of this action and to preserve the possibility of effective final relief[,]" "[p]ermanently enjoin the defendants from violating the ADA title II[,]" and

"enable victims to engage in the court services as every other American does. . . ." (*Id.*, PAGEID 120 at ¶¶ 28-30).

As such, it appears that plaintiff's motion for injunctive relief concerns the violations of the ADA alleged in his complaint. (*See* Doc. 3 at PAGEID 92, 98).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). A preliminary

injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff's Request for Preliminary Injunctions should be denied. With respect to prong one, plaintiff's motion appears to describe and address the merits of claims not asserted in his underlying complaint. Plaintiff describes a "pump and dump scheme[,]" which as best the Court can decipher involves "mail fraud" and "sham court" proceedings. (Doc. 5 at PAGEID 115-117). The Court sees no connection between the conduct described in plaintiff's Request for Preliminary Injunctions and the ADA claims alleged in the complaint. "[A] party moving for a preliminary inunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). A motion for TRO/preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013), *report and recommendation adopted*, 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013). Nor has plaintiff submitted any evidence warranting a preliminary injunction. Plaintiff's allegations in his motion do not constitute evidence supporting the injunctive relief he seeks.[1]

With respect to the second prong, plaintiff broadly asserts various damages related to the January 15, 2021 incident (*see* Doc. 5 at PAGEID 119 (e.g., a heart attack, COVID-19, and emotional trauma)). But plaintiff does not identify specific harm—let alone irreparable harm—

---

[1] Although plaintiff's signature is followed by the signature of a notary public, it does not constitute an affidavit because it is not a "sworn statement in writing made . . . under an oath or an affirmation. . . ." *Sfakianos v. Shelby Cnty. Gov't*, 481 F. App'x 244, 245 (6th Cir. 2012) (quoting *Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990)).

3

that would flow directly from the Court's denial of the injunctive relief requested. In the event plaintiff succeeds on the merits of his claims, monetary relief is available to remedy plaintiff's alleged harm. *See Basicomputer Corp. v. Scott*, 937 F.2d 507, 511 (6th Cir. 1992) ("[H]arm is not irreparable if it is fully compensable by money damages.").

With respect to the third prong, the Court is unable to evaluate an injunction's potential harm to others because plaintiff has not clearly described the particular injunctive relief that he seeks. The third prong therefore does not weigh in plaintiff's favor. For similar reasons, the fourth prong does not weigh in plaintiff's favor. While plaintiff identifies a public interest in "engag[ing] . . . court services" (*see id.*, PAGEID 120 at ¶ 30), the Court is unable to determine exactly what and whose actions plaintiff believes must be enjoined in order to serve that interest.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Request for Preliminary Injunctions (Doc. 5) be **DENIED**.

Date: 5/2/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

JAMES SULLIVAN,                          Case No. 1:22-cv-763
     Plaintiff                                     McFarland, J.
                                                        Litkovitz, M.J.
         vs.
HAMILTON COUNTY COMMON
PLEAS COURT, *et al.*,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).