UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

JAMES SULLIVAN,                                   Case No. 1:22-cv-763
    Plaintiff                                         McFarland, J.
                                                  Litkovitz, M.J.
vs.

HAMILTON COUNTY COMMON                            REPORT
PLEAS COURT, *et al.*,                            RECOMMENDATION
    Defendants.

This matter is before the Court on pro se plaintiff James Sullivan's "Motion for Injuncti[ve] Relief." (Doc. 25). The motion is made as part of a filing that primarily responds—paragraph by paragraph—to the answer (Doc. 18) filed by defendants Bogan, Dryer, Hayslip, Hnryak, McGuffey, Ober, and Speers. As such, plaintiff's filing is docketed twice to capture both filing events. (*See* Docs. 24 and 25). In the very last paragraph of the filing, plaintiff requests that the Court "[i]ssue an injunction for [plaintiff] to use court services like every other American and use the court under ADA 12203 for myself and others." (Doc. 25 at PAGEID 1099). The Court considers this to be a request for a preliminary injunction.

Plaintiff filed two prior motions for injunctive relief (Docs. 5, 23), which the undersigned recommended that the District Judge deny (Docs. 34, 41). In determining whether to issue a preliminary injunction, this Court must balance the following factors:

    1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

    2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3. Whether an injunction will cause others to suffer substantial harm; and

    4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

This request for injunctive relief should also be denied. As to prong one, the Court's recent Report and Recommendation recommended dismissal of plaintiff's ADA claims against defendants Heekin, Nestor, Luebbers, and Ruehlman for failure to state a claim upon which relief can be granted. (*See* Doc. 41). Plaintiff also does not explain how the 200 pages of exhibits attached to his motion relate to his likelihood of success on the merits of his ADA claims. As to prong two, plaintiff does not identify specific harm—let alone irreparable harm—that would flow directly from the Court's denial of the injunctive relief requested. In the event plaintiff succeeds on the merits of his claims, monetary relief is available to remedy plaintiff's

alleged harm. *See Basicomputer Corp. v. Scott*, 937 F.2d 507, 511 (6th Cir. 1992) ("[H]arm is not irreparable if it is fully compensable by money damages."). As to prongs three and four, the relief sought by plaintiff—broad and undefined as it is (i.e., access to court services)—does not appear likely to cause others substantial harm and appears consistent with the general public's interest. But without a more specific description of the relief sought, these prongs of the analysis do not outweigh the first two prongs.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's "Motion for Injuncti[ve] Relief" (Doc. 25) be **DENIED**.

Date: 5/17/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

JAMES SULLIVAN,  
    Plaintiff,

vs.

HAMILTON COUNTY COMMON
PLEAS COURT, et al.,  
    Defendants.

Case No. 1:22-cv-763  
McFarland, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).