<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 23-3734

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Jul 29, 2024
KELLY L. STEPHENS, Clerk
```

JAMES SULLIVAN,                    )
                                   )
    Plaintiff-Appellant,           )
                                   )     ON APPEAL FROM THE UNITED
v.                                 )     STATES DISTRICT COURT FOR
                                   )     THE SOUTHERN DISTRICT OF
HAMILTON COUNTY COURT OF COMMON    )     OHIO
PLEAS, et al.,                     )
                                   )
    Defendants-Appellees.          )

<u>O R D E R</u>

Before:  SILER, LARSEN, and BLOOMEKATZ, Circuit Judges.

James Sullivan, proceeding pro se, appeals the district court's interlocutory order dismissing certain defendants from his civil action and denying preliminary injunctive relief. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the reasons set forth below, we affirm the district court's order to the extent it dismissed certain defendants and dismiss as moot Sullivan's appeal from the denial of preliminary injunctive relief.

Sullivan sued the Hamilton County Court of Common Pleas; Judges Robert Ruehlman, Terrence Nestor, Jody Luebbers, and Thomas Heekin (the "judicial defendants"); the Hamilton County Sheriff's Office, Sheriff Charmaine McGuffey, and several deputy sheriffs; and bailiff Laura Hayslip, raising claims arising from a January 15, 2021, incident at the Hamilton County courthouse. Sullivan alleged that he went to the courthouse with an individual he identified as Mr. Gipson, and a deputy sheriff demanded to search Gipson's phone. Gipson refused. Additional deputy sheriffs arrived and detained Sullivan and Gipson, stating that they had a court order to do

so, but they never produced the order.  Sullivan and Gipson were then arrested and taken to a "sham trial" before Judge Ruehlman.  Sullivan was charged with a "sham offense," his personal property was confiscated, and he was ultimately jailed even though he never received a final court order.[1]  Sullivan alleged that, as a direct result of the defendants' conduct, he suffered a heart attack, contracted COVID-19, and experienced emotional trauma, professional humiliation, and financial loss.

In sixteen separate "counts," Sullivan asserted that the defendants violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by interfering with his free speech, conducting an unlawful search, and unlawfully detaining, falsely arresting and imprisoning, and maliciously prosecuting him.  Sullivan also claimed that the defendants conspired under 42 U.S.C. § 1985 to interfere with his civil rights; retaliated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203; and violated state law.  He sought monetary, injunctive, and declaratory relief.  The judicial defendants moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(1) and (6).

Sullivan made three requests for preliminary injunctive relief.  First, he asked the court to "enjoin the defendants from violating the ADA" and "[i]ssue an order that will enable victims to engage in the court services as every other American does in the other districts [i]n the United States and territories."  Then, in his response to the judicial defendants' motion to dismiss, Sullivan asked the court to "[i]ssue an injunction for [him] to use court services like every other American

---

[1] According to the state appellate court, on the date in question, "Sullivan was found in direct criminal contempt of court and sentenced to three days in jail for 'causing total disruption in the courtroom, screaming and yelling in the courtroom.'"  *In re Sullivan*, No. C-210217, 2022 WL 815849, at *1 (Ohio Ct. App. Mar. 18, 2022).  During booking, a sheriff's deputy searched Sullivan and found a body camera in his pocket that appeared to be recording.  *Id.*  The deputy returned Sullivan to the courtroom and informed the judge about the body camera.  *Id.*  The judge inspected the camera, found that it was recording, and sentenced Sullivan to an additional 30 days in jail for "illegally recording video and audio with a body camera in violation of the Courthouse rules."  *Id.*  After his release, Sullivan moved for return of his property.  *Id.*  The state appellate court reversed the trial court's denial of that motion and remanded with instructions to return Sullivan's cell phone, body camera, and cane.  *Id.* at *3.  We may take judicial notice of court proceedings.  *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

No. 23-3734
- 3 -

and use the court under [the] ADA for [him]self and others." Sullivan made the same request in his response to the answer filed by the non-judicial individual defendants.

A magistrate judge recommended that preliminary injunctive relief be denied. The magistrate judge also recommended dismissing Sullivan's claims against the county court and the judicial defendants. The magistrate judge reasoned that (1) the county court is not an entity subject to suit; (2) the *Rooker-Feldman*[2] doctrine barred Sullivan's claims that were premised on a challenge to the outcome of the contempt proceedings; (3) Judge Ruehlman was entitled to judicial and state statutory immunity, *see* Ohio Rev. Code § 2744.03(A)(7), for actions taken in his judicial capacity; (4) 42 U.S.C. § 1983 bars claims for injunctive relief against judicial officers acting in their judicial capacity in the absence of a declaratory-decree violation or the unavailability of declaratory relief; (5) the judicial defendants were entitled to qualified immunity as to Sullivan's constitutional and ADA claims; and (6) Sullivan failed to state claims under §§ 1983 and 1985 and the ADA. The magistrate judge recommended that the court decline to exercise supplemental jurisdiction over Sullivan's state law claims against the judicial defendants.

Over Sullivan's objections, the district court denied a preliminary injunction and dismissed the complaint against the county court and the judicial defendants. Sullivan now appeals that order.

The judicial defendants argue that we have jurisdiction to review only the denial of Sullivan's requests for a preliminary injunction and that the dismissal of Sullivan's claims against them is not a final, appealable order. We have jurisdiction over appeals from final judgments of the district courts under 28 U.S.C. § 1291. "A district court's decision is 'final' for purposes of § 1291 when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

---

[2] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923).

No. 23-3734
- 4 -

When Sullivan filed this appeal—and when the judicial defendants filed their appellate brief—there were still claims pending in the district court against the remaining defendants and, thus, no final appealable order. At that time, the only aspect of the district court's order that we could review was the denial of preliminary injunctive relief. *See* 28 U.S.C. § 1292(a)(1). Since then, however, the district court has granted summary judgment to the remaining defendants and entered a final judgment.[3]

The entry of a final judgment has rendered Sullivan's appeal from the denial of a preliminary injunction moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see Chirco v. Gateway Oaks, LLC*, 384 F.3d 307, 309 (6th Cir. 2004). When the district court entered a final order, the interlocutory order denying injunctive relief merged into that order, mooting that aspect of Sullivan's interlocutory appeal. *See Ottawa Dev. Corp. v. U.S. Dep't of Housing & Urb. Dev.*, 21 F. App'x 307, 308-09 (6th Cir. 2001); *see also Adams v. Baker*, 951 F.3d 428, 429 (6th Cir. 2020) (per curiam). Any issues concerning the denial of a preliminary injunction could have been raised in Sullivan's appeal of the final order. *See 84 Video/Newstand, Inc. v. Sartini*, No. 08-4559, 2009 WL 9119875, at *1 (6th Cir. Nov. 4, 2009). And although that appeal has been dismissed for want of prosecution, this appeal remains moot as to the denial of a preliminary injunction because there is no practical relief that can be awarded. *See Adams*, 951 F.3d at 429 (explaining that, once a final judgment has been entered, no effective relief in an interlocutory appeal from the denial of preliminary injunctive relief can be granted "because any preliminary injunction would 'dissolve' the moment [the appeals court] ruled in [the appellant's] favor" (quoting *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010))); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603,

---

[3] Sullivan filed a notice of appeal from the final judgment. On March 21, 2024, we dismissed that appeal for want of prosecution after Sullivan failed to pay the appellate filing fee or move to proceed in forma pauperis. *Sullivan v. Hamilton Cnty. Ct. of Common Pleas*, No. 24-3077 (6th Cir. Mar. 21, 2024).

614 (6th Cir. 2009) (affirming the district court's denial of a motion for a preliminary injunction where the dismissal of the complaint rendered the motion moot).

That leaves the district court's dismissal of the Hamilton County Court of Common Pleas and the judicial defendants. At the time Sullivan filed this appeal, that aspect of the district court's ruling was not immediately appealable. But "an interlocutory appeal . . . invokes appellate jurisdiction where judgment becomes final prior to disposition of the appeal." *Gillis v. U.S. Dep't of Health & Hum. Servs.*, 759 F.2d 565, 569 (6th Cir. 1985) (collecting authority). Here, the district court dismissed the remaining defendants while this appeal was pending. We therefore have jurisdiction to review the district court's order dismissing the judicial defendants. *Id.* Our jurisdiction, however, encompasses only Sullivan's appeal of the dismissal of the judicial defendants, not the later dismissal of the other defendants. *See Bonner v. Perry*, 564 F.3d 424, 429 (6th Cir. 2009) (explaining that this court has jurisdiction only over the matters specified in the premature notice of appeal, not any later rulings by the district court).

We review de novo dismissals under Rule 12(b)(1) and (6). *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) (Rule 12(b)(6)); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (Rule 12(b)(1)). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir*, 895 F.2d at 269. To avoid dismissal under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*Hamilton County Court of Common Pleas*

The Ohio Supreme Court has recognized that "[a] court is . . . a place in which justice is judicially administered." *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973) (quoting *Todd v. United States*, 158 U.S. 278, 284 (1895)). It "is not sui juris," so "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Id.* Sullivan cited no authority that allowed him to sue the Hamilton County Court of Common

Pleas.  The district court therefore properly dismissed Sullivan's claims against the court.  *See Cooper v. Rapp*, 702 F. App'x 328, 334-35 (6th Cir. 2017).

*Judicial and Statutory Immunity*

Sullivan's claims against Judge Ruehlman related to the contempt proceeding are barred by judicial immunity.  Generally, judges are absolutely immune from civil suit for monetary relief with regard to acts undertaken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  This immunity is overcome only where the judge (1) acts in a non-judicial capacity, or (2) acts "in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11-12.  "[F]actors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."  *Stump*, 435 U.S. at 362.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Id.* at 356.

In counts three through twelve and fourteen through sixteen of his complaint, Sullivan challenged Judge Ruehlman's actions and rulings in his contempt proceedings.  But these were judicial acts within the scope of Judge Ruehlman's official duties and jurisdictional authority.  *See* Ohio Rev. Code § 2705.01 ("A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.")  Thus, Judge Ruehlman is immune from suit for damages on these claims.  *See Rose v. Leaver*, 35 F. App'x 191, 192-93 (6th Cir. 2002) (upholding judicial immunity for state domestic relations judge in civil rights suit concerning divorce proceedings).  Neither exception to judicial immunity applies.  *See Mireles*, 502 U.S. at 11-12.  Although Sullivan argues that Judge Ruehlman lacked jurisdiction over his state-court proceedings, "[a] judge acts in the complete absence of all jurisdiction only if the matter upon which the judge acts is clearly outside the subject matter of the court over which the judge presides."  *Wellman v. PNC Bank*, 508 F. App'x 440, 443 (6th Cir. 2012) (per curiam).  Sullivan has not made that showing.

For the same reason, Sullivan's state-law claims against Judge Ruehlman are barred by statutory immunity under Ohio Revised Code § 2744.03(A)(7).  That statute permits state-court judges to assert "any defense or immunity available at common law or established by" state law, *id.*, including judicial immunity, *see, e.g.*, *Kelly v. Whiting*, 477 N.E.2d 1123, 1127 (Ohio 1985).

Lastly, although judicial immunity does not bar injunctive relief, such relief is not available against Judge Ruehlman for acts taken in his judicial capacity because Sullivan did not allege that "a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; *see Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012).

*Failure to State a Claim for Relief*

The district court determined that the defendants were entitled to qualified immunity on Sullivan's constitutional and ADA claims.  We need not review that aspect of the court's ruling, however, because we can affirm based on Sullivan's failure to state a claim.

Most of Sullivan's claims were brought pursuant to § 1983.  To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Federal Constitution or laws and that the violation was committed by a person acting under color of state law.  *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).

Sullivan's first claim asserted that the defendants "eliminat[ed his] ability to record[ p]ublic officials in the performance of their duties," in violation of the First Amendment.  The magistrate judge construed this claim as a challenge to the county court's local rule governing the use of electronic devices in the courthouse, explaining, "The only conceivable link between defendants Heekin, Luebbers, and Nestor and any constitutional claim is through an inference that they, along with defendant Ruehlman, were involved in the enactment of Rule 33(C)(5)(d),[4] which violated the First Amendment."  But nowhere in the complaint did Sullivan allege that any of the judicial defendants were involved in the enactment of this rule.  In fact, his complaint did not even identify this rule.  And to the extent that Sullivan's complaint could be construed as challenging the

---

[4]  Effective March 1, 2023, this rule was renumbered to Rule 33(E)(4).  *See* Hamilton County Courts, Common Pleas Local Rules, *available at*:
https://hamiltoncountycourts.org/index.php/local-rules/ (last visited Apr. 26, 2024).

enforcement of this rule as a violation of his First Amendment rights, his allegations concerned the non-judicial defendants.  Indeed, in count one, Sullivan asserted, "By stopping and detaining [him], seizing and searching his cell phone and arresting [him] without a warrant[ or] probable cause . . . trespassers exceeded their authority and trespassed on [his] rights . . . protected by the First and Fourteenth Amendments."  None of Sullivan's allegations allow for a reasonable inference that the judicial defendants are liable for this alleged misconduct.

Sullivan's complaint also asserted claims under the Fourth Amendment:  unlawful search and seizure (count two), false arrest and false imprisonment (count three), and malicious prosecution (count five).  Because none of these claims mentioned or implicated Heekin, Nestor, or Luebbers, the district court correctly held that Sullivan failed to state a claim against them.  *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (explaining that, to state a claim a plaintiff must prove that a defendant was personally responsible for or actively participated in the alleged unconstitutional actions that caused his injury).  And as discussed above, Judge Ruehlman is entitled to judicial immunity on these claims.

To the extent that Sullivan asserted that the judicial defendants violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, the district court correctly concluded that his allegations were too conclusory to support an inference of liability and that Sullivan thus could not state a plausible claim for relief.  *See Willman v. Att'y Gen. of U.S.*, 972 F.3d 819, 823 (6th Cir. 2020) (explaining that conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to state a claim).

In counts four and seven, Sullivan referenced the anti-retaliation and coercion provision of the ADA, 42 U.S.C. § 12203.  Count four alleged that "a consent search is unreasonable under § 12203 . . . and the Fourth Amendment if the consent was induced by the deceit, trickery or misrepresentation of the agent."  And in count seven, Sullivan alleged that Dryer threatened him for "trying to use the services in the court" and that Ruehlman sentenced him to jail "for exercising a right to use court services."  These facts are insufficient to make out a plausible claim of retaliation or coercion under the ADA against any defendant.  Indeed, Sullivan did not allege that

No. 23-3734
- 9 -

he has a qualifying disability or that any action taken against him by the judicial defendants was on account of a disability.

The district court also correctly dismissed Sullivan's conspiracy claims against the judicial defendants under § 1985. In order to state a claim for conspiracy under § 1985(3)—the only subsection that could apply here based on Sullivan's allegations—a plaintiff must plead:

> (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws[,] and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen.

*Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996). "[C]onspiracy claims must be pled with some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Sullivan alleged no facts that would lead to an inference that any of the judicial defendants were involved in a conspiracy to deprive him of his constitutional rights.

*Supplemental Jurisdiction*

Finally, the district court declined to exercise supplemental jurisdiction over any state-law claim asserted by Sullivan. We review that decision for an abuse of discretion. *See Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). A district court is expressly permitted to decline to exercise supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having properly dismissed Sullivan's federal claims, the district court acted within its discretion in declining to consider Sullivan's state-law claims.

For these reasons, we **AFFIRM** the district court's order dismissing the Hamilton County Court of Common Pleas and the judicial defendants and **DISMISS** as moot Sullivan's appeal from the denial of his requests for a preliminary injunction.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 07/29/2024.

**Case Name:**   James Sullivan v. Hamilton County Court of Common Pleas, et al
**Case Number:**   23-3734

**Docket Text:**
ORDER filed : We AFFIRM the district court's order dismissing the Hamilton County Court of Common Pleas and the judicial defendants and DISMISS as moot Sullivan's appeal from the denial of his requests for a preliminary injunction. Mandate to issue, decision not for publication, pursuant to FRAP 34(a)(2)(C). Eugene E. Siler, Jr., Circuit Judge; Joan L. Larsen, Circuit Judge and Rachel Bloomekatz, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. James Sullivan
3556 Wilson Avenue
Cincinnati, OH 45229

**A copy of this notice will be issued to:**

Mr. Cooper David Bowen
Mr. Zachary Kyle Garrison
Mr. Richard W. Nagel
Mr. Joseph Jonathan Prem
Ms. Pamela J. Sears
Ms. Linda L. Woeber